**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY EARL RIDLEY,**

**Plaintiff,**

**v.**                                                    **CASE NO.  18-CV-3011-SAC**

**SEDGWICK COUNTY SHERIFF'S OFFICE, et al.,**

**Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by a prisoner confined at the Lansing Correctional Facility in Lansing, Kansas. He alleges violations of the First Amendment, 42 U.S.C. § 1985(2), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against the Sedgwick County Sheriff's Office, Chaplain Kasper, Sandi R., the City of Wichita, and Sedgwick County, Kansas. In Count I, plaintiff alleges an unintelligible cause of action against the City of Wichita, the Sedgwick County Sheriff's Office, and Sedgwick County, Kansas, which plaintiff claims were "delinquent in the discovery and inspection of" his records and failed to investigate and correct unnamed institutional and civil rights violations after plaintiff signed for a release of records to the Sedgwick County sheriff's office in 2015. In Count II, plaintiff alleges that in July of 2017, Sandi R. failed to provide him with specific Hindu texts he requested but provided a Bible to plaintiff's friend the month before. In Count III, plaintiff alleges that in July of 2017, the chaplaincy department failed to put him on a certified religious diet despite his request for one. As relief, plaintiff requests $10,000,000.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks

1

relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to dismissal because plaintiff acknowledges that he has not exhausted administrative remedies on his claims. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).  The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies.  *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). To justify this lack of exhaustion, plaintiff conclusorily alleges that city, county and jail officials "led" him to think that his "alleged incident was not a grievance matter". He further conclusorily alleges that he was not treated equally to other inmates which caused him "dissatisfaction with litigation strategy" and that he suffered from "individualized retaliatory actions".  He does not explain, however, how these conclusory allegations excuse him from complying with the

exhaustion requirement. Accordingly, the court finds that plaintiff's complaint is subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action.

Plaintiff's Count I against City of Wichita, the Sedgwick County Sheriff's Office, and Sedgwick County, Kansas, is problematic for several reasons. First, a governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of rights alleged. *Monell v. Dep't of Social Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978). As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom. *Id.*, at 694. Plaintiff makes no such allegation in his complaint, and as such, his claim against these defendants is subject to dismissal. Furthermore, the allegations in this count – that defendants failed to properly inspect plaintiff's records – alleges no apparent constitutional violation and is therefore subject to dismissal for failure to state a claim.

Additionally, plaintiff fails to allege personal participation by Chaplain Kasper in any purported constitutional violations. Personal liability under § 1983 must be based upon personal involvement in the alleged constitutional violation. *Foote v. Spiegel,* 118 F.3d 1415, 1423 (10th Cir. 1997). The complaint contains no allegations whatsoever about Chaplain Kasper, much less allegations that Chaplain Kasper personally participated in any alleged constitutional violation. Accordingly, Chaplain Kasper is subject to dismissal from this action.

Also pending before the court is plaintiff's application for leave to proceed in forma pauperis. (Doc. 2). The court previously calculated an initial partial filing fee of $2.50 under 28 U.S.C. § 1915(b)(1), which plaintiff paid on February 26, 2018. The court therefore grants plaintiff's application (Doc. 2) and reminds plaintiff of his obligation to pay the $350.00 filing fee, and directs the agency having custody of plaintiff to forward payments from plaintiff's account in

3

installments calculated under 28 U.S.C. § 1915(b)(2). Plaintiff's motion to set aside the order assessing the initial partial filing fee (Doc. 4) is overruled as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until April 15, 2018, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's claims should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until April 15, 2018, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is granted, and plaintiff's motion to set aside the order assessing the initial partial filing fee (Doc. 4) is overruled as moot.

The clerk is directed to send forms and instructions to plaintiff and to send a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 16th day of March, 2018, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**

4